WAGNER CHOI & VERBRUGGE
James A. Wagner
Chuck C. Choi
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Tel: (808) 533-1877
Fax: (808) 566-6900
E-mail: jwagner@wcelaw.com

Counsel to the Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| In re | Case No. 08-00337 (Chapter 7 Cases) (Jointly Administered) |
|---|---|
| ALOHA AIRLINES, INC., a Delaware corporation, et al., | |
| Debtors | DATE: May 12, 2008 TIME: 2:00 p.m. JUDGE: Hon. Lloyd King |
| This Document relates to: All Cases | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF ORDER (A) APPROVING SALE OF DEBTORS' AIR CARGO ASSETS AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS TO SALTCHUK RESOURCES, INC.

THIS CAUSE came before the Court on May 12, 2008, at 2:00 p.m., upon a final hearing ("Sale Hearing") on the Trustee's Motion for Entry of Order (A) Approving Sale of Debtors' Air Cargo Assets and (B) Approving Assumption and Assignment of Executory Contracts to Saltchuk Resources, Inc., filed May 2, 2008 ("Sale Motion") [D.E. # 393]. Appearances are as noted in the record.

The Court having reviewed the Sale Motion and pleadings filed in support thereof, oppositions and responses thereto, and the record in these cases, having heard the statements of counsel, and the testimony presented and evidence admitted at the Sale Hearing, and it appearing to the Court that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2)(A) and (N); and (iii) notice of the Sale Motion and of the Sale Hearing was proper and sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein;

NOW, THEREFORE, THE COURT FINDS, DETERMINES AND CONCLUDES AS FOLLOWS:

1. On April 8, 2008, the Court entered its *Order (1) Establishing Sale and Bid Procedures for the Sale of Air Cargo Business; (2) Approving Form and Manner of Notices; (3) Approving Proposed Definitive Agreement and Lead Bidder Protection; (4) Scheduling Auction and Hearing to Consider Final Approval of Sale; and (5) Granting Related Relief* [D.E. #202] ("Bid Procedures Order"). The Bid Procedures Order authorized the Debtors to conduct an auction sale of the assets that comprise the Debtors' air cargo and contract services business divisions (respectively, "Air Cargo Assets" and "Contract Services

Assets"). The Bid Procedures Order was served upon all creditors listed on the Master Service List, GMAC Commercial Finance, LLC ("GMAC") and Yucaipa Corporate Initiatives Fund I, L.P. and all counterparties to the Debtors' executory contracts.

2. Although two bids for the Air Cargo Assets were submitted pursuant to the Bid Procedures Order, for various reasons neither proved acceptable and the Debtors converted these cases to Chapter 7 on April 28, 2008.

3. On April 30, 2008, the United States Trustee appointed Dane S. Field to serve as the Chapter 7 trustee ("Trustee") in the Debtors' cases [D.E. # 364ocket No. 364].

4. On May 2, 2008, the Court entered that certain *Order Authorizing (I) Trustee to Operate Air Cargo Business Pursuant to 11 U.S.C. Section 721, (II) Advance of Funds for Trustee's Administration of Estates and for Benefit of Unsecured Creditors, and (III) Postpetition Advances to Maintain business Operations of Air Cargo Business Through Sale Closing* ("721 Order") [D.E. 390] . The 721 Order acknowledged that on May 1, 2008, Buyer (as defined below), the Trustee had reached agreement on a renewed bid by Buyer for the Air Cargo Assets embodied in a Letter of Intent ("LOI") of even date which together with Buyer's earlier bid proposal contained in an Asset Purchase Agreement dated March 31, 2008, formed a basis for going forward with a sale of the Debtors' Air

Cargo Assets to Buyer. The 721 Order set May 12, 2008, at 2:00 p.m. (HST) as the time for hearing the Sale Motion, provided the Sale Motion was filed on May 2, 2008, and notice of hearing was given as required by the 721 Order. The Sale Motion was timely filed and the notices required by the 721 Order were duly given.

5. Proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

6. The LOI contemplated the drafting and completion of a definitive agreement in substantially final form (the definitive agreement will be executed immediately prior to the closing of the sale) prior to the hearing on this matter. On May 9, 2008, the Trustee filed a copy (in substantially final form) of the proposed definitive Asset Purchase Agreement, dated May 14, 2008, and on May 10, 2008 and May 13, 2008, respectively, the Trustee filed a complete set of the Schedules thereto and revisions to certain of the Schedules, which Asset Purchase Agreement and related Schedules remain subject to modification prior to closing, scheduled for May 14, 2008, (together, the "Sale Documents").

7. Pursuant to the LOI and the Sale Documents, Saltchuk Resources, Inc. has assigned its rights thereunder to its wholly owned subsidiary, Aeko Kula, Inc., a Hawaii corporation ("Buyer").

8. Buyer's offer to acquire the Air Cargo Assets and the Assumed Contracts which are the subject of the sale constitutes the highest and best bona-fide offer under the circumstances.

9. Buyer is a purchaser acting in good faith and is entitled to the protections offered to such a good faith purchaser, as that term is utilized in Section 363(m) of the Bankruptcy Code.

10. Buyer is only buying the Air Cargo Assets and is not a successor in interest to Debtors, nor does Buyer's acquisition of the Air Cargo Assets reflect a substantial continuity of the operations of the Debtors' business.

11. The sale of the Air Cargo Assets has been undertaken in good faith and at arms' length by and between the Trustee and Buyer.

12. The Trustee has advanced sound business reasons for selling the Air Cargo Assets, and it is a reasonable exercise of the Trustee's business judgment and it is in the best interests of the estates for the Trustee to sell the Air Cargo Assets and for the Trustee to execute, deliver and perform its obligations under the Sale Documents.

13. The total consideration to be realized by the estates pursuant to the Sale is fair and reasonable, and the Sale of the Air Cargo Assets is in the best interest of the estates.

14. Good cause exists to reduce, pursuant to Rule 9006(c)(1) of the

Federal Rules of Bankruptcy Procedure, and Section 105(a) of the Bankruptcy Code, the notice period for the Sale Hearing.

15. The transactions contemplated by the Sale Documents represent a prudent exercise of the Trustee's business judgment and are in the best interest of the estates and their creditors.

16. The Buyer has demonstrated adequate assurance of its ability to perform its obligations under the Assumed Contracts. The Trustee has articulated a sound business reason to assume and assign the Assumed Contracts to the Buyer pursuant to the terms of the Sale Documents.

MAY 1 3 2008

_____
United States Bankruptcy Judge

---

*In re Aloha Airlines, Inc.;* Case No. 08-00337; (Chapter 7 cases) (Jointly Administered); FINDINGS OF FACT AND CONCLUSIONS OF LAW ON TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF ORDER (A) CONFIRMING SALE OF DEBTORS' AIR CARGO ASSETS PURSUANT TO 11 U.S.C. § 363 FREE AND CLEAR OF LIENS, CLAIMS ENCUMBRANCES AND INTERESTS AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS UNDER 11 U.S.C. § 365