LATHAM & WATKINS LLP
Robert A. Klyman
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Counsel for Yucaipa Corporate Initiatives
Fund I, L.P. and Yucaipa Corporate Initiatives Fund I, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ALOHA AIRLINES, INC., a Delaware corporation, et al.,<br><br>Debtors.<br><br>This Document relates to: All Cases | Chapter 11<br><br>Case No. 08-00337<br>(Chapter 7 Cases)<br>(Jointly Administered)<br><br>Date: June 26, 2008<br>Time: 10:30 a.m.<br>Judge: Hon. Lloyd King |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER APPROVING SALE OF DEBTORS' INTEREST IN THE MESA LITIGATION AND OTHER ASSETS PURSUANT TO 11 U.S.C. SECTION 363 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

The Emergency Motion (the "**Motion**")[1] of Dane S. Field, as Interim

Chapter 7 Trustee (the "**Trustee**") for Aloha Airlines, Inc. ("**Aloha**"), Aloha

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Agreement.

Airgroup, Inc. ("**Airgroup**") and Airgroup Acquisition Corp. ("**Acquisition**" and collectively with Aloha and Airgroup, the "**Debtors**"), under 11 U.S.C. §§ 105(a) and 363, Fed. R. Bankr. P. 6004 and Local Bankruptcy Rule 6004-1, for entry of an order approving the Trustee's proposed sale (the "**Sale**") of the Debtors' interest in the Assets, came for hearing on June 17, 2008, and June 26, 2008. This Court, having reviewed and considered (i) the Motion, (ii) the objections thereto, if any, and (iii) the arguments of counsel made, and the evidence proffered or adduced at the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estate and creditors and other parties in interest; and upon the record of the Sale Hearing and these cases; and after due deliberation thereon; and adequate notice good cause appearing therefor, it is hereby

## FOUND AND DETERMINED THAT:[2]

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion include sections ~~105~~, 363 and 365 of the United States Bankruptcy Code, 11

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. ~~The findings of fact and conclusions of law stated by the Court on the record are, to the extent not specifically listed in this Order, incorporated by reference. See Fed. R. Bankr. P. 7052.~~

U.S. Bankruptcy Court - Hawaii #08-00337 Dkt # 839 Filed 06/27/08 Page 2 of 7

U.S.C. §§ 101 et seq., as amended (the "**Bankruptcy Code**"), and Fed. R. Bankr. P. 2002 and 6004, and Local Bankruptcy Rule 6004-1.

C. Approval of the proposed Asset Purchase Agreement by and among Yucaipa Corporate Initiatives Fund I, L.P. and Yucaipa Corporate Initiatives Fund I, LLC (collectively, "**Buyer**") and the Trustee ("**Seller**"), substantially in the form attached as Exhibit "A," (the "**Agreement**") whereby Seller shall sell, assign, transfer, convey, and deliver to Buyer, and Buyer shall purchase, assume and acquire from Seller all of Seller's right, title and interest in the Assets, and consummation of the Sale, are in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

D. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

E. The Trustee's ~~has demonstrated good, sufficient, and sound~~ JUDGMENT business ~~purpose~~ and justification for the Sale, ~~because the Trustee has determined that selling the Debtors' interest in the Assets to Yucaipa on substantially the terms and conditions set forth in the Agreement is in the best interest of the Debtors'~~ IS SUPPORTED BY ~~estates, given~~ the expense of litigating the Mesa Litigation to conclusion, including potential appeals, potential difficulties regarding the collectability of any judgment

3

that may be obtained against Mesa, and the limited potential distribution of litigation proceeds to unsecured creditors from the Assets in light of the amount of secured claims that would be asserted against any such recovery.

F. The Agreement was negotiated, proposed and entered into by Seller and Buyer without collusion, in good faith, and from arm's-length bargaining positions. ~~Neither the Seller nor Buyer has engaged in any conduct that would cause or permit the Agreement or the Sale to be avoided under 11 U.S.C. § 363(n)~~.

G. With respect to the Agreement, the Sale, and this Order, Buyer is acting as a good faith purchaser, as that term is used in the Bankruptcy Code and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code.

H. Section 363(k) of the Bankruptcy Code allows Buyer to credit bid its allowed secured claim for the Assets. Buyer has agreed to purchase the Assets for a credit bid under section 363(k) in the amount of $10,000,000 of its junior participation in the Loan and Security Agreement.

I. The consideration provided by Buyer for the Assets pursuant to the Agreement: (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative, and (iv) constitutes

4

reasonably equivalent value and fair consideration with respect to the Debtors and their estates in light of the financial wherewithal of the estates and the other findings set forth above in paragraph E.

J.  The transfer of the Assets to Buyer will be a legal, valid, and effective transfer of the Assets, authorized pursuant to the Bankruptcy Code, and will vest Buyer with all right, title, and interest of the Debtors to the Assets free and clear of all Liens, Claims (as defined in the Bankruptcy Code), interests, rights to setoffs, recoupment, counterclaims, and encumbrances (other than Permitted Continuing Liens), whether known or unknown, inchoate, unliquidated or liquidated, contingent, in the form of setoff or counterclaim, or otherwise (collectively, the "Interests"), except for the Liens and Interests of GMAC Commercial Finance LLC ("GMAC") under the Loan and Security Agreement dated as of February 17, 2006, and related documents and as otherwise granted to GMAC in this Bankruptcy Case (collectively, the "GMAC Liens"), which shall remain in full force and effect against the Assets. Notwithstanding the sale pursuant to Section 363(f) of the Bankruptcy Code under this Order, nothing in those provisions, the Findings, the Agreement, the Motion, or this Order shall have any effect on counterclaims, setoff rights, recoupment rights, defenses or other interests of Mesa, if any (collectively, "Mesa Interests"), or Buyer's or Seller's rights to challenge or object to any of the Mesa Interests.

5

U.S. Bankruptcy Court - Hawaii  #08-00337  Dkt # 839  Filed 06/27/08  Page 5 of 7

K. Buyer would not have entered into the Agreement and would not consummate the Sale, thus adversely affecting the Debtors, their estates, and their creditors, if the sale of the Assets to Buyer was not free and clear of all Interests of any kind or nature whatsoever, including, without limitation, successor liability, or if Buyer would, or in the future could, be liable for or subject to any of the Interests.

L. Except as expressly set forth in the Agreement, Buyer shall have no liability or obligations for any Interest, or other obligation of or against the Seller or the Debtors, related to the Assets by reason of the transfer of the Assets to Buyer. Buyer shall not be deemed, as a result of any action taken in connection with the purchase of the Assets, to: (1) be a successor (or other such similarly situated party) to any of the Seller or the Debtors; or (2) have, *de facto* or otherwise, merged with or into any of the Debtors. Buyer is not acquiring or assuming any liability, warranty or other obligation of the Seller or the Debtors.

M. Seller may sell the Assets free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those holders of Interests who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2) and 365.

6

U.S. Bankruptcy Court - Hawaii  #08-00337  Dkt # 839  Filed 06/27/08  Page 6 of 7

N. The State of Hawaii presented no evidence to support its position that Seller should receive a higher percentage of any net recovery awarded to and received by Buyer from the assets.

/s/ Lloyd King
United States Bankruptcy Judge

JUN 27 2008

*In re Aloha Airlines, Inc., et al.*; Bk. No. 08-00337; FINDINGS OF FACT AND CONCLUSIONS OF LAW APPROVING SALE OF DEBTORS' INTEREST IN THE MESA LITIGATION AND OTHER ASSETS PURSUANT TO 11 U.S.C. SECTION 363 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

7