CARLSMITH BALL LLP

TOM E. ROESSER            3241-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
troesser@carlsmith.com

Attorneys for Creditors
GE CAPITAL AVIATION SERVICES, INC.
and WELLS FARGO BANK NORTHWEST,
NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY
AS OWNER TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | CASE NO. 08-00337 |
|---|---|
| ALOHA AIRLINES, INC., et al., | (Chapter 7 Cases)<br>(Jointly Administered) |
| Debtors. | Honorable Lloyd King |

## STIPULATION TO MODIFY AUTOMATIC STAY AND ORDER

WHEREAS, the Debtors herein commenced voluntary cases under Chapter 11 of the Bankruptcy Code on March 20, 2008 (the "Petition Date").

WHEREAS, on March 28, 2008, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors.

WHEREAS, on or about March 30, 2008, the Debtors ceased operating their passenger flight operations.

WHEREAS, on April 28, 2008, the Debtors requested conversion of their cases from Chapter 11 to Chapter 7 pursuant to Bankruptcy Code § 1112(a).

WHEREAS, on April 29, 2008, the Court entered an order converting the Debtors' Chapter 11 cases to Chapter 7 cases.

WHEREAS, Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as Owner Trustee (the "Lessor") seeks to set-off against and apply the balance of certain Security Deposits (defined below) to the amounts owed to the Lessor by Aloha Airlines, Inc. ("Aloha Airlines" or the "Lessee"), one of the debtors herein, under certain leases described below.

WHEREAS, GE Capital Aviation Services, Inc. ("GECAS") is servicing the leases described below on behalf of Lessor.

WHEREAS, the Lessor is party to an Aircraft Lease Agreement[1] dated as of June 26, 2002 (the "29905 Lease") as Successor Lessor, with Aloha Airlines, Inc., as Lessee, relating to a Boeing Model 737-700 aircraft, Serial No. 29905, U.S. Registration No. N746AL (the "29905 Aircraft"), as amended and supplemented. The 29905 Lease, together with all amendments and/or supplements are collectively referred to as the "29905 Lease Documents".

WHEREAS, the Lessor is party to an Aircraft Lease Agreement[1] dated as of June 26, 2002 (the "30050 Lease") as Successor Lessor, with Aloha Airlines, Inc., as Lessee, relating to a Boeing Model 737-700 aircraft, Serial No. 30050, U.S. Registration No. N748AL (the "30050 Aircraft"), as amended and supplemented. The 30050 Lease, along with all amendments and/or supplements are collectively referred to as the "30050 Lease Documents."

---

[1] Incorporating the provisions of a Common Terms Agreement dated May 12, 2000, as amended, between GE Capital Corporation as Lessor and Aloha Airlines, Inc. as Lessee.

WHEREAS, in accordance with the 29905 Lease the Lessor holds the sum of $353,750 as a cash security deposit, and in accordance with the terms of the 30050 Lease the Lessor holds the sum of $80,850.00 as a cash security deposit (the "Security Deposits").

WHEREAS, the 30050 Lease Documents and the 29905 Lease Documents each provide in pertinent part:

> Section 3.1 of each Lease states: "Lessee shall pay to Lessor [a] Deposit in cash (to which Deposit Section 5.13 of the Common Terms Agreement shall apply) ...." *See* Exhibit "A" attached hereto and incorporated herein by reference.
>
> Section 5.13 of the Common Terms Agreement entitled "Further Provisions regarding Deposit," provides in pertinent part that "... Lessee hereby grants a security interest in the Deposit to Lessor ... . Lessee agrees that Lessor shall be entitled to commingle the Deposit with Lessor's general or other funds ... and Lessor will not hold any such funds as agent or in trust for Lessee or in any similar fiduciary capacity."
>
> In any Event of Default [*inter alia*, the filing of a voluntary petition in bankruptcy]..., Lessor may immediately or at any time thereafter, without prior notice to Lessee, apply all or part of the Deposit in or towards the payment or discharge of any matured obligation owned by lessee or any affiliate ..., and/or exercise any of the rights of set-off ... against all of part of the Deposit. *See* Exhibit "B" attached hereto and incorporated herein by reference.
>
> Section 5.20 of the Common Terms Agreement entitled "Set-off" also allows Lessor to set-off "any obligations owned by Lessee under the Lease or under the Other Agreements against any obligation Lessor or any of its Affiliates owes Lessee under the Lease or

under the Other Agreements, regardless of the place of payment or currency. *See* Exhibit "C" attached hereto and incorporated herein by reference.

WHEREAS, on March 30, 2008, the Debtors filed the Debtors' Emergency Motion For Entry Of An Order (I) Authorizing The Debtors To (A) Reject Their Remaining Passenger Aircraft Leases, (B) Reject Certain Equipment Leases And (C) Abandon Their Remaining Owned Passenger Aircraft (II) Reject Any Equipment Leases, And (III) Establishing Deadlines For Parties To Take Possession Of Aircraft (Docket No. 111)(the "Rejection Motion"). The 29905 Lease and the 30050 Lease were among the leases that the Debtors sought authority to reject in the Rejection Motion. The Court entered an order approving the Rejection Motion on April 8, 2008 (Docket No. 206) (the "Rejection Order").

WHEREAS, since the entry of the Rejection Order, Lessor has taken back possession of the 29905 Aircraft and the 30050 Aircraft.

WHEREAS, the parties agree that rejection of the 29905 Lease and the 30050 Lease constituted events of default under such leases.

WHEREAS, the Trustee and the Lessor agree that good cause exists to modify the automatic stay under 11 U.S.C. § 362 to allow the Lessor to proceed with its rights under the 29905 Lease and the 30050 Lease to setoff against and apply the Security Deposits to damages incurred under each such lease.

NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:

1. The automatic stay under 11 U.S.C. § 362 shall be modified without further order of this Court to allow the Lessor, its agents, employees, or attorneys, to proceed with Lessor's rights to setoff against and apply the Security Deposits to the amount of damages incurred under the 29905 Lease and the 30050 Lease.

2. The Lessor shall not seek and may not obtain a deficiency judgment against the Lessee (Debtor) for any amounts remaining due under the 29905 Lease and the 30050 Lease without further order of this Court.

3. This Stipulation is without prejudice to any right the Trustee may have to contest Lessor's claims, including Lessor's rights to the full amount of the Security Deposits.

STIPULATED AND AGREED:

DATED: June 27, 2008

/s/ Tom E. Roesser

TOM E. ROESSER
Attorneys for Creditors
GE CAPITAL AVIATION SERVICES, INC. and WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE

DATED: June 27, 2008

/s/ James A. Wagner

JAMES WAGNER
Attorney for Chapter 7 Trustee

AGREED AND SO ORDERED:

JUN 2 7 2008

United States Bankruptcy Judge

In re: Aloha Airlines, Inc., et al., Case No. 08-00337 (Ch. 7);
STIPULATION TO MODIFY AUTOMATIC STAY AND ORDER