# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ALOHA AIRLINES, INC., a Delaware corporation, et al.,<br><br>      Debtors. | Chapter 11<br><br>Case No. 08-00337<br>(Chapter 7 Cases)<br>(Jointly Administered)<br><br><br>Date: No hearing required<br>Judge: Hon. Lloyd King |

## STIPULATION AND ORDER BETWEEN CHAPTER 7 TRUSTEE, GMAC COMMERCIAL FINANCE, LLC, YUCAIPA CORPORATE INITIATIVES FUND I, L.P. AND YUCAIPA CORPORATE INITIATIVES FUND I, LLC REGARDING (1) PROOF OF CLAIM BAR DATE AND (2) EXTENDING THE LIEN CHALLENGE DATE TO NOVEMBER 3, 2008

Dane S. Field, as Interim Chapter 7 Trustee (the "Trustee") for the

above-captioned debtors (the "Trustee"), GMAC Commercial Finance, LLC

("GMAC"), Yucaipa Corporate Initiatives Fund I, L.P. and Yucaipa Corporate

Initiatives Fund I, LLC (collectively, "Yucaipa"), by and through their undersigned

counsel, hereby stipulate and agree to (a) rely on the Schedules (as defined below)

as evidence of the amount and priority of GMAC's and Yucaipa's prepetition

claims and (b) extend the Lien Challenge Date (as defined below) from July 31,

U.S. Bankruptcy Court - Hawaii  #08-00337  Dkt # 929  Filed 07/29/08  Page 1 of 7

2008 to November 3, 2008. In support thereof, the parties respectfully represent as follows:

A.      WHEREAS, Schedule D of the Debtors' Schedules of Assets and Liabilities dated April 21, 2008 (the "Schedules") lists four secured, non-contingent, liquidated, undisputed prepetition claims of GMAC in the amounts of $8,750,000 (the "GMAC Term Loan"), $35,324,043 (the "GMAC Revolver"), $2,264,432 (the "GMAC Subordinated Notes"), and $4,925,050 (the "GMAC LC Obligations") (collectively, the "GMAC Claims");

B.      WHEREAS, Schedule D of the Schedules lists a secured, non-contingent, liquidated, undisputed prepetition claim of Yucaipa in the amount of $106,686,926.00 (the "Yucaipa Claim");

C.      WHEREAS, neither GMAC nor Yucaipa have filed proofs of claim with respect to the GMAC Claims or the Yucaipa Claim in the above-captioned cases (the "Cases") because they intended to rely on the Schedules;

D.      WHEREAS, 11 U.S.C. Section 1111(a) provides that a proof of claim is deemed filed under 11 U.S.C. Section 501 for any claim that is listed on the Schedules and not designated as disputed, contingent or unliquidated;

E.      WHEREAS, 11 U.S.C. Section 506(d)(2), provides that a lien securing a claim against the debtor is not void for the secured creditor's failure to file a proof of claim;

F.      WHEREAS, the Revised Notice of Chapter 11 Bankruptcy

Case, Meeting of Creditors, & Deadlines dated April 16, 2008 [Docket No. 262]

(the "Chapter 11 Notice") recognizes that creditors with claims listed on the

Schedules, and not designated as disputed, contingent, or unliquidated, are not

required file proofs of claim to preserve their claims;[1]

G.      WHEREAS, the Notice of Chapter 7 Bankruptcy Case, Meeting

of Creditors, & Deadlines dated April 30, 2008 [Docket No. 373] (the "Chapter 7

Notice") provides that "[a] secured creditor retains rights in its collateral regardless

of whether that creditor files a Proof of Claim."[2] The Chapter 7 Notice further

provides, "[t]o be paid [from any other assets of the Debtors' estates], you must

file a Proof of Claim even if your claim is listed in the schedules filed by the

debtor;"[3]

H.      WHEREAS, in (1) the Debtor's Emergency Motion for Entry

of Order (A) Approving Competitive Bidding and Sale Procedures for Sale of Air

Cargo Business; (B) Approving Form and Manner of Notices; (C) Approving the

Form of Definitive Asset Purchase Agreement to Be Used for the Sale of the

Assets, Including, if Applicable, the Break-Up Fee; (D) Scheduling Dates to

---

[1] "If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim." Chapter 11 Notice, at 2.

[2] Chapter 7 Notice, at 2.

[3] Id.

U.S. Bankruptcy Court - Hawaii  #08-00337  Dkt # 929  Filed 07/29/08  Page 3 of 7

Conduct Auction and Hearing to Consider Final Approval of Sale, Including

Treatment of Executory Contracts and Unexpired Leases; and (E) Granting Related

Relief [Docket No. 87] (the "Sale Motion"); (2) the Stipulation and Interim Order

Authorizing Use of Cash Collateral and Other Pre-Petition Collateral [Docket No.

64] (the "Cash Collateral Order"); and (3) the Interim Order (A) Authorizing

Secured Post-Petition Financing Under 11 U.S.C. §§ 105(a), 362, 364(c)(1),

364(c)(2), 364(c)(3) and 364(d), Fed.R.Bankr.P. 4001(c) and (B) Granting

Adequate Protection Under 11 U.S.C. §§ 363 and 364 [Docket No. 211] (the "DIP

Order"), the Debtors acknowledge that they are indebted to GMAC, without

defense, counterclaim or offset of any kind, and that, as of March 19, 2008, (i) the

Debtors were liable to GMAC in respect of the GMAC Term Loan and the GMAC

Revolver in the aggregate principal amount of approximately $44,075,000

(exclusive of interest and fees accrued and unpaid thereon and other costs,

expenses and indemnities), (ii) the Debtors were liable to GMAC for the GMAC

LC Obligations in the aggregate face amount of approximately $4,925,000

(exclusive of interest and fees accrued and unpaid thereon and other costs,

expenses and indemnities), and (iii) the Debtors were liable to GMAC for accrued

and unpaid interest, commitment fees, attorneys' and advisors' fees, other out-of-

pocket expenses, costs and indemnities pursuant to the Secured Financing

Agreements[4] (collectively, subsections (i), (ii), and (iii) of this paragraph are the

"Secured Loan Obligations").  In the Sale Motion, the Debtors acknowledge that

the Secured Loan Obligations are secured by first priority liens on substantially all

of the assets of each of the Debtors;

      I.     WHEREAS, in the Sale Motion, the Cash Collateral Order, and

the DIP Order, the Debtors acknowledge that, pursuant to the Subordinated

Financing Agreement, they are indebted to Yucaipa, without defense, counterclaim

or offset of any kind, in an amount in excess of $111,618,803 (the "Subordinated

Obligations").  In the Sale Motion, the Debtors acknowledge that the Subordinated

Obligations are secured by junior liens on substantially all of the assets of each of

the Debtors and that Yucaipa holds a junior participation in the loan made by

GMAC;

      J.     WHEREAS, pursuant to that certain Stipulation and Order re

Challenge Date entered herein on June 16, 2008, the time within which the Trustee

has to challenge the liens and claims of GMAC and Yucaipa was extended to July

31, 2008 (the "Challenge Date"); and

      K.     WHEREAS the Trustee is presently occupied on a variety of

other matters in the Cases and has requested an extension of the Lien Challenge

Date; and

---

[4] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in
the Sale Motion.

U.S. Bankruptcy Court - Hawaii   #08-00337   Dkt # 929   Filed 07/29/08   Page 5 of 7

L.     WHEREAS, in light of the foregoing, the parties have agreed (a) that GMAC and Yucaipa should be authorized to rely on the Schedules and not be required to file proofs of claims with respect to the GMAC Claims or the Yucaipa Claim and (b) that the Challenge Date shall be extended to November 3, 2008.

NOW, THEREFORE, it is hereby stipulated and agreed to by the parties as follows:

1.     Notwithstanding any language in the Chapter 7 Notice to the contrary, but subject only to the following paragraph 2 hereof, the GMAC Claims and the Yucaipa Claim shall be deemed allowed in at least the amounts set forth in the Schedules, and GMAC and Yucaipa are not required to file proofs of claim to assert the GMAC Claims or the Yucaipa Claim, to receive distributions on behalf of the GMAC Claims or the Yucaipa Claim, or to preserve the validity of the liens securing the GMAC Claims or the Yucaipa Claim.

2.     The Challenge Date shall be extended to November 3, 2008.

Dated:  July 28, 2008                    Respectfully submitted,

                                         WAGNER CHOI & VERBRUGGE

                                         By: /s/ James Wagner
                                             James Wagner
                                             Counsel for the Trustee

LATHAM & WATKINS LLP

By: /s/ Robert A. Klyman
    Robert A. Klyman
    Counsel for Yucaipa Corporate
    Initiatives Fund I, L.P. and Yucaipa
    Corporate Initiatives Fund I, LLC

VEDDER PRICE P.C.

By: /s/ Douglas J. Lipke
    Douglas J. Lipke

    Counsel for GMAC Commercial
    Finance, LLC

APPROVED AND SO ORDERED:

UNITED STATES BANKRUPTCY JUDGE
JUL 2 9 2008

*In re Aloha Airlines, Inc., et al.*; Bk. No. 08-00337; STIPULATION AND ORDER
BETWEEN CHAPTER 7 TRUSTEE, GMAC COMMERCIAL FINANCE, LLC,
YUCAIPA CORPORATE INITIATIVES FUND I, L.P. AND YUCAIPA
CORPORATE INITIATIVES FUND I, LLD REGARDING (1) PROOF OF
CLAIM BAR DATE AND (2) EXTENDING THE LIEN CHALLENGE DATE
TO NOVEMBER 3, 2008