Of Counsel:
ASHFORD & WRISTON
A Limited Liability Law Partnership LLP

CUYLER SHAW  1413-0
MIRANDA TSAI  8308-0
Alii Place, Suite 1400
1099 Alakea Street
P.O. Box 131
Honolulu, Hawaii 96810
Telephone: (808) 539-0400
Email: cshaw@awlaw.com, mtsai@awlaw.com

Attorneys for
 THE STATE OF HAWAII

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ALOHA AIRLINES, INC.,<br>a Delaware corporation, et. al.<br><br>　　　　　　Debtors. | CASE NO. 08-00337<br>(Chapter 7)<br>(Jointly Administered) |

## STIPULATION AND ORDER MODIFYING AUTOMATIC STAY TO PERMIT SETOFF

The parties to this stipulation, acting through their respective counsel as indicated on the signature page hereof, are Dane Field in his capacity as the duly-appointed Chapter 7 trustee of the bankruptcy estate of Aloha Airlines, Inc. ("Trustee"), and the State of Hawaii through the Airports Division of its

618555.02

1

Department of Transportation ("Airports"). This stipulation is based on the following facts:

## RECITALS:

1. Aloha Airlines, Inc. ("Aloha") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the instant case on March 20, 2008 (the "Petition Date").

2. As of the Petition Date, Aloha provided interisland and transpacific air passenger services, cargo transportation services and aviation contract services to various other airlines.

3. On March 31, 2008, Aloha ceased and shut down its interisland and transpacific air passenger services.

4. This case was converted to Chapter 7 by *Order Converting the Chapter 11 cases of the Debtors to cases under Chapter 7* filed on April 29, 2008.

5. On April 30, 2008, the Office of the United States Trustee noticed the appointment of Dane Field as the Chapter 7 trustee for the Debtors in this case, including Aloha.

6. To support its passenger service and other operations, Aloha rented space at the State's various airports from Airports.

618555.02

7. As of the Petition Date, Airports claims that Aloha was indebted to it in connection with Aloha's rental and use of Airports' facilities in the following amounts:

| Basis for Claim | Amount Owed |
| --- | --- |
| Kona (KOA) Airport Tenant improvements | $314,666.64 |
| Promissory note from Aloha 1 | $2,361,763.77 |
| Honolulu (HNL) Airport tenant improvements | $1,500,817.39 |
| Airport space rental and landing use fees | $1,554,049.07 |
| | $5,731,296.87 |

8. After the Petition Date, Aloha continued to rent space and facilities at the State's various airports to support its passenger service and other operations.

9. Airports claims that Aloha is indebted to it for rents and fees accrued post-petition in the following amounts:

| Basis for Claim | Amount Owed |
| --- | --- |
| Rent and utilities | $693,713.35 |
| Landing fees/use charges | $238,223.47 |
| | $931,936.82 |

The above claims include $136,205.49 in passenger service landing fees for the period March 20, 2008 through March 31, 2008.

618555.02

3

U.S. Bankruptcy Court - Hawaii   #08-00337   Dkt # 1327   Filed 03/05/09   Page 3 of 7

10.     On or about December 15, 2008, the Trustee requested that Airports refund to it some $302,461.30 in Passenger Facility Charges ("PFCs") which the Trustee alleges were either paid to Airports by mistake or were paid to Airports but subsequently refunded to Aloha's ticket purchasers because Aloha was unable to provide the purchased transportation service due to the shutdown of its passenger service operations. (A PFC is a charge collected by an air carrier from its passengers as part of the ticket price. Pursuant to federal regulations, the PFC is remitted to an airport capital improvements fund to be used to fund capital improvements. If the air carrier refunds the ticket price to its passengers, it is entitled to a refund of the PFC from the airport improvement fund.)

11.     Of the $302,461.30 in PFCs the refund of which was requested, $208,117.50 were PFCs mistakenly collected from Aloha's passengers by Pleasant Island Holidays from 2004 through 2006 and paid to Airports pre-petition.

12.     The balance of the Trustee's refund request, or $94,343.80, represents refunds to Aloha's ticket purchasers processed and refunded post-petition because of the post-petition shutdown of Aloha's passenger service operations.

13.     The Trustee acknowledges that Aloha was, as of the Petition Date, indebted to Airports in an amount exceeding the $208,117.50 portion of its PFC refund request described in paragraph 11 above for funds advanced by Airports pre-petition to pay "tenant improvements" to Aloha's HNL and KOA airport

618555.02

facilities. Airports claims the amount owed for these tenant improvements is $1,815,484.03.

14. The Trustee also acknowledges that Aloha's bankruptcy estate is indebted to Airports in an amount exceeding the $94,343.80 portion of its PFC refund claim described in paragraph 12 above for passenger service landing fees accrued during the March 20, 2008 to March 31, 2008 Chapter 11 portion of Aloha's bankruptcy. Airports claims that the amount owed for this period is $136,205.49.

15. To expedite the mutual resolution of the claims described above, Airports has requested that the Trustee stipulate to modify the automatic stay in this bankruptcy case to permit Airports to setoff certain of its above-described claims against the Trustee's PFC refund claim in the manner set forth below, and the Trustee is willing to so stipulate.

## A G R E E M E N T:

NOW THEREFORE, the parties hereto stipulate and agree as follows:

A. that the $208,117.50 portion of the Trustee's PFC refund claim allocable to PFCs mistakenly collected by Pleasant Island Holidays and paid by Aloha to Airports pre-petition is a pre-petition claim for purposes of this stipulation.

618555.02

5

U.S. Bankruptcy Court - Hawaii    #08-00337    Dkt # 1327    Filed 03/05/09    Page 5 of 7

B. that the $94,343.80 balance of the Trustee's PFC refund claim represents PFCs processed and refunded to Aloha's passengers post-petition and is a post-petition claim for purposes of this stipulation.

C. that the automatic stay be modified to permit Airports to effect the following setoffs:

1. to set off a $208,117.50 portion of its $1,815,484.03 claim against Aloha for funds advanced to pay for tenant improvements to Aloha's (HNL and KOA) airport facilities against the Trustee's PFC refund claim in the amount of $208,117.50 arising out of Pleasant Island Holiday's mistaken collection of PFCs.

2. to set off a $94,343.80 portion of its $136,205.49 claim against Aloha's bankruptcy estate for March 20, 2008 to March 31, 2008 landing fees arising out of Aloha's post-petition passenger service operations against the Trustee's $94,343.80 PFC refund claim arising out of refunds to passengers processed and paid post-petition.

/
/
/
/

618555.02

6

U.S. Bankruptcy Court - Hawaii  #08-00337  Dkt # 1327  Filed  03/05/09  Page 6 of 7

D. Airports will amend and reduce its pre-petition and administrative expense claims filed in this case to reflect the above setoffs.

DATED: Honolulu, Hawaii; March 2, 2009.

/s/ James Wagner
JAMES WAGNER
CHUCK CHOI
Attorneys for the
DANE FIELD, Chapter 7 Trustee


CUYLER SHAW
MIRANDA TSAI
Attorneys for the STATE OF HAWAII

AGREED AND SO ORDERED:

*In re Aloha Airlines, Inc.;* Bk. No. 08-00337 (Chapter 7); Stipulation Modifying Automatic Stay to Permit Setoff

618555.02