UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No.: 08-00337 |
|---|---|
| ALOHA AIRLINES, INC., | Chapter 7 |
| Debtor. | Jointly Administered<br>Honorable Lloyd King |
| This document relates to:<br>ALL CASES | Related Dkt. No. 1295 |

## MEMORANDUM CONCERNING AUCTION SALE

March 3, 2009, was the return date on an order to show cause issued by the court on January 23, 2009.

Named Respondents are Yucaipa Corporate Initiatives Fund I, L.P. and Yucaipa Corporate Initiatives Fund I, LLC (collectively "Yucaipa"), and Dane S. Field, trustee in this Chapter 7 liquidating bankruptcy.

Appearing were James Wagner and Chuck Choi for the trustee, Dane Field, who was also present; Robert Klyman for Yucaipa; Ted Pettit for GMAC Commercial Finance, LLC; Curtis Ching for the Office of the U.S. Trustee; Cuyler Shaw for the State of Hawaii; Tom Roesser and Sidney Levinson (by telephone) for Hawaiian Airlines, Inc.; Rebecca Covert for the International Association of Machinists and Aerospace Workers Local Lodge 1245; Kurt Leong and Jeffrey Bartos (by telephone) for the Association of Flight Attendants-CWA, AFL-CIO;

and Tina Coleman for the Ing Family Partnership.

The purpose of the order to show cause was to determine whether the results of an unconfirmed auction sale of property of the bankruptcy estate should be invalidated, because of the exclusion of a Honolulu Advertiser reporter from the room in which the auction was conducted. The auction was conducted on December 2, 2008, at the offices of counsel for the trustee.

At the hearing, counsel for the International Association of Machinists and Aerospace Workers Local Lodge 1245 stated that an officer of Local Lodge 1245 was also denied permission to attend the auction.

There were two bidders at the auction sale, Yucaipa and Hawaiian Airlines, Inc. The property offered for sale, in a single lot, was described generally as the Aloha Airlines, Inc., intellectual property. That property was largely trade names, trademarks, and service marks, including the unique painting specifications for aircraft operated by Aloha Airlines, Inc.

Yucaipa was the high bidder, with a bid in the amount of $750,000. That bid was a credit bid, against Yucaipa's uncontested secured claim, which may exceed $100 million. The only other bidder was Hawaiian Airlines, Inc., which made a cash bid of $575,000.

The court's order directed the trustee in bankruptcy and the successful bidder, Yucaipa, to show cause why the auction sale should not be invalidated because of the exclusion of the reporter.

U.S. Bankruptcy Court - Hawaii  #08-00337  Dkt # 1328  Filed  03/05/09  Page 2 of 4

Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure states, in relevant part, "Public or Private Sale. All sales not in the ordinary course of business may be by private sale or by public auction."

The order approving bid procedures for the subject sale called for an auction, but did not specifically state whether the auction should be a public auction or an auction from which the press or the public could be excluded.

However, when a court sale is conducted, there should be no exclusion of the press or the public, without advance explanation and authorization. Public auctions preserve the integrity of court sales.

No evidence has been presented concerning any dishonesty or other problems with the sale. However, with the press and public excluded, such evidence will always be hard to find.

Simply stated, there must be consequences for exclusion of the press from a court sale. Many, possibly most, bankruptcy court auctions are conducted away from the court. Presence of a judge is rarely necessary. Having an auction someplace other than the courthouse is thought to be more convenient for all concerned. It is difficult to find an appropriate label for the auction that was conducted by the trustee in this case. It appears that there was selective exclusion of certain persons who wished to observe and selective admission of others.

The appropriate consequence of the selective exclusion of the press from a court auction is to invalidate the sale. The exclusion of the union officer is also very serious, but that was not included in the order to show cause.

3

U.S. Bankruptcy Court - Hawaii   #08-00337   Dkt # 1328   Filed 03/05/09   Page 3 of 4

Should the trustee wish to conduct another auction, interested parties should be given notice of the proposed terms and procedures for the second auction. They should also be given an opportunity to comment or to object.

Since the result of the December 2, 2008, auction is being invalidated, the trustee should return to Hawaiian Airlines, Inc., its $50,000 bid deposit.

The auction sale is being invalidated because of the manner in which it was conducted. Therefore, it is unnecessary to consider the trustee's motion to approve sale to Yucaipa and the objections to that motion.

An order, consistent with this memorandum, will be entered.

Dated: Honolulu, Hawaii, _March 5, 2009_

_Lloyd King_
Lloyd King
United States Bankruptcy Judge

4