WAGNER CHOI & VERBRUGGE
Attorneys at Law
JAMES A. WAGNER
CHUCK C. CHOI
745 Fort Street, Suite 1900
Honolulu, HI 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
E-Mail: jwagner@hibklaw.com/cchoi@hibklaw.com
Counsel to the Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ALOHA AIRLINES, INC.,<br>a Delaware corporation, et al.,<br><br>Debtors.<br><br>This document relates to:<br>ALL CASES | Case No. 08-00337<br>(Converted to Chapter 7)<br>(Jointly Administered)<br>(Honorable Lloyd King)<br><br>DATE: September 23, 2010<br>TIME: 10:30 a.m.<br>JUDGE: Hon. Lloyd King |

ORDER GRANTING TRUSTEE'S MOTION
FOR ORDER APPROVING SETTLEMENT BY AND BETWEEN
THE ESTATE, STATE OF HAWAII AND OTHERS; EXHIBIT "A"

The Trustee's Motion for Order Approving Settlement By and

Between the Estate, State of Hawaii and Others, filed herein on September 3, 2010,

came on for hearing before the Honorable Lloyd King on September 23, 2010, at

10:30 a.m. James A. Wagner appeared on behalf of the Trustee and Dane S. Field,

appeared as the Chapter 7 Trustee. Other parties appeared as noted on the record.

There being no objections to the relief prayed for in the Motion and good cause appearing therefor, for the reasons stated on the record and incorporated herein pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure,

IT IS HEREBY ORDERED that:

1. That the Motion is granted;

2. That the Trustee is authorized to enter into the Settlement Agreement, attached hereto as Exhibit "A;" and

3. That the Trustee is authorized to take such other and further actions as may be necessary or appropriate to carry out the terms of the Settlement Agreement.

_____
United States Bankruptcy Judge
SEP 23 2010

*In re Aloha Airlines, Inc., et al.*; Case No. 08-00337; ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT BY AND BETWEEN THE4 ESTATE, STATE OF HAWAII AND OTHERS; EXHIBIT "A"

2

U.S. Bankruptcy Court - Hawaii    #08-00337    Dkt # 1815    Filed 09/23/10    Page 2 of 10

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made this _____ day of September 2010, by and between Plaintiffs State of Hawaii ("State"), the Gas Company LLC ("GASCO") and Hawaiian Electric Company, Inc. ("HECO"), collectively referred to below as "Plaintiffs," on the one hand, and Defendants Dane S. Field, Trustee of Aloha Airlines, Inc. ("Aloha" or "Trustee"), GMAC Commercial Finance, LLC ("GMAC"), Yucaipa Corporate Initiatives Fund I, LP and Yucaipa Corporate Initiatives Fund I, LLC ("Yucaipa"), collectively referred to below as the "Defendants," on the other hand, (each a "Party" and collectively, the "Parties").

## R E C I T A L S:

A.  Aloha filed for relief under Chapter 11 of the United States Bankruptcy Code on March 20, 2008, in Bk. No. 08-00337, in the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court").

B.  At the time Aloha filed for relief, Aloha's business was comprised of four operating divisions: interisland passenger service, transpacific passenger service, cargo services ("Air Cargo Division"), and contract services ("Contract Services Division").

C.  At the time it filed its petition for relief, all or substantially all of Aloha's assets were pledged to GMAC and Yucaipa to secure financing advanced by GMAC and/or Yucaipa to Aloha pre-petition.

D.  On March 31, 2008, Aloha ceased and shutdown its transpacific and interisland passenger operations ("Passenger Service Divisions"), leaving the Air Cargo Division and the Contract Services Division as Aloha's only remaining operating business segments.

E.  On April 29, 2008, Aloha's Chapter 11 case was converted to a case under Chapter 7.

F.  On April 30, 2008, the Office of United States Trustee filed its Notice of Appointment of Trustee appointing Dane S. Field as (interim) trustee in Aloha's Chapter 7 case ("Trustee").

G.  On May 2, 2008, the Trustee closed the sale of Aloha's Contract Services Division to Pacific Air Cargo, LLC and paid all or substantially all of the gross proceeds of such sale to GMAC for the benefit of GMAC and Yucaipa as Aloha's secured lenders.

# EXHIBIT A

Settlement Agreement and Mutual Release
Page 1 of 8

801357.03

U.S. Bankruptcy Court - Hawaii   #08-00337   Dkt # 1815   Filed  09/23/10   Page 3 of 10

H. On or about May 14, 2008, the Trustee closed the sale of Aloha's Air Cargo Division to Aeko Kula, Inc. and remitted a substantial portion of the gross sales proceeds to GMAC for the benefit of GMAC and Yucaipa as Aloha's secured lenders.

I. Between the date Aloha filed its Chapter 11 petition and the respective dates on which each of its Contract Services Division and Air Cargo Division were sold, Plaintiffs provided goods, services, rental space and landing rights without which the divisions could not have continued to operate and without which the divisions could not have been sold on a "going concern" basis. Plaintiffs were not paid for the aforesaid goods, services, rental space and landing rights provided by them.

J. Plaintiffs filed an adversary proceeding (Adv. No. 09-90042) against Defendants by complaint filed in the Bankruptcy Court on July 31, 2009 ("Complaint"). Plaintiffs allege in their Complaint that, under the applicable Bankruptcy Court orders filed in Aloha's bankruptcy case, Plaintiffs were entitled to payment for the goods, services, rental space and landing rights described in Recital I above from the gross sale proceeds derived from the sale of Aloha's Contract Services Division and Air Cargo Division before any payment of such gross proceeds to GMAC.

K. The Trustee, GMAC and Yucaipa dispute Plaintiffs' entitlement to payment under the applicable Bankruptcy Court orders and contend that the orders specifically bar any action or claim by Plaintiffs to the gross proceeds derived from the sale of either division.

L. To avoid the time, expense and uncertainty of continuing this litigation of Plaintiffs' claims, the Parties have agreed to resolve the disputes between them on the terms and conditions set forth below.

## A G R E E M E N T:

NOW THEREFORE, in accordance with the foregoing, for good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs and Defendants, and each of them, do hereby agree as follows:

1. <u>Payment</u>. On the fifteenth (15th) day following the entry of the Approval Order (as defined in paragraph 4 below), provided no appeal is pending, the Trustee shall pay to Plaintiffs the amount of $435,550.00 ("Settlement Payment"), payment to be made by a single check payable to the Ashford & Wriston LLP Client Trust Account.

As between the Trustee, GMAC, and Yucaipa, of the Settlement Payment, $82,723.11, is the amount of Chapter 7 rents and fees due Airports for the Cargo and Contract Services during the Chapter 7 and shall be construed to be a Chapter 7 "cost of

U.S. Bankruptcy Court - Hawaii   #08-00337   Dkt # 1815   Filed 09/23/10   Page 4 of 10

sale." The balance of the Settlement Payment in the amount of $352,276.89 is partial payment of Plaintiffs' Chapter 11 claims. Upon payment of the settlement amount, the estate shall be entitled to deposit $17,641.34, into the Administrative Fund from the proceeds of the secured lenders collateral, which amount is 5% of the funds being paid under the settlement for Chapter 11 expenses.

2. **Release by Plaintiffs**. In consideration for the aforementioned payment, Plaintiffs, and each of them, do hereby release and forever discharge Defendants, and each of them, as follows:

(a) all Defendants from any and all claims for payment for goods, services, rental space and/or landing fees provided by Plaintiffs, or any of them, to Aloha's Contract Services Division or Air Cargo Division post-petition;

(b) Defendants GMAC and Yucaipa from any and all claims for payment for goods, services, rental space and/or landing fees provided by Plaintiffs, or any of them, to Aloha's Passenger Service Divisions post-petition.

The release of claims given above shall extend to claims which Plaintiffs, or any of them, have or may have, whether or not presently existing, whether based on any federal, state or bankruptcy law, right of action or otherwise, whether in tort, fraud or contract, law, admiralty or equity, whether known or unknown, whether foreseen or unforeseen, whether contingent, liquidated or otherwise, and whether or not asserted.

Notwithstanding any provision above to the contrary, Plaintiffs shall retain and are not releasing (i) any administrative expense claims which they have or may have against Aloha's bankruptcy estate for goods, services, rental space and/or landing fees which Plaintiffs provided post-petition to Aloha's Passenger Service Divisions, (ii) any administrative expense claims which they may have against Aloha's bankruptcy estate for goods or services which Plaintiffs provided to Aloha pre-petition, and (iii) any other claims against Aloha's bankruptcy estate for pre-petition goods, services, rental space, landing fees, or other value provided pre-petition (collectively, the "Reserved Claims").

3. **Release by Defendants**. In consideration for the releases given by the Plaintiffs in paragraph 2 above and the mutual agreements contained herein, Defendants, and each of them, release and forever discharge Plaintiffs, and each of them, from any and all claims related to any goods, services, rental space and/or landing fees which Plaintiffs, or any of them, provided to Aloha's Contract Services Division or Air Cargo Division post-petition. The release of claims given above shall extend to claims which Defendants, or any of them, have or may have, whether or not presently existing, whether based on any federal, state or bankruptcy law, right of action or otherwise, whether in tort, fraud or contract, law, admiralty or equity, whether known or unknown, whether

U.S. Bankruptcy Court - Hawaii   #08-00337   Dkt # 1815   Filed 09/23/10   Page 5 of 10

foreseen or unforeseen, whether contingent, liquidated or otherwise, and whether or not asserted.

Notwithstanding any provision above to the contrary, Defendant Trustee shall retain and is not releasing any objections, defenses or offsets to any of the Reserved Claims and is not releasing any avoidance action claims the estate may have against Plaintiffs, pursuant to 11 U.S.C. §§ 544, 545, 547, and 548.

4. Bankruptcy Court Approval. This Agreement shall become effective upon the expiration of fourteen (14) days following the entry of a final order in the Bankruptcy Case approving this Agreement (the "Approval Order"). In the event that on or before October 30, 2010, the Approval Order has not been entered, or is entered but is subject to a stay pending appeal upon a duly filed notice of appeal, and the Parties have not mutually agreed in writing to extend the date, this Agreement shall be null and void and the Parties entirely released of their rights and obligations hereunder.

5. Dismissal of Adversary Proceeding. As soon as practicable following the expiration of fourteen (14) days following the entry of the Approval Order, provided no appeal is pending, the Parties agree to execute, deliver and file with the Bankruptcy Court a stipulation dismissing the Complaint. Such dismissal shall be with prejudice as to all claims between Plaintiffs, on the one hand, and Defendants on the other hand, released under paragraphs 2 or 3 above, and without prejudice as to all Reserved Claims and defenses thereto.

6. Notices. All notices, requests, demands, and other communications under or relating to this Agreement shall be in writing and shall be deemed to have been duly given on the date of service if served personally or by facsimile transmission on the Party to whom directed, or on the first business day after mailing if mailed to the Party to whom directed, by Federal Express or other overnight delivery service, and properly addressed to such Party as follows:

If to the State:	Cuyler Shaw, Esq.
Miranda Tsai, Esq.
Ashford & Wriston LLP
1099 Alakea Street, Suite 1400
Honolulu, Hawaii 96813
Fax: (808) 533-4945

|  |  |
|---|---|
| If to GASCO: | Don J. Gelber, Esq.<br>Gelber, Gelber & Ingersoll<br>745 Fort Street, Suite 1400<br>Honolulu, Hawaii 96813<br>Fax: (808) 531-6963 |
| If to HECO: | Kimo C. Leong, Esq.<br>Taylor Leong & Chee<br>737 Bishop Street, Suite 2060<br>Honolulu, Hawaii 96813<br>Fax: (808) 523-1869 |
| If to the Trustee: | James A. Wagner, Esq.<br>Wagner Choi & Verbrugge<br>745 Fort Street, Suite 1900<br>Honolulu, Hawaii 96813<br>Fax: (808) 566-6900 |
| If to GMAC/Yucaipa | Robert A. Klyman, Esq.<br>Latham & Watkins, LLP<br>355 South Grand Avenue<br>Los Angeles, California 90071-1560<br>Fax: (213) 891-8763<br><br>Ted N. Pettit, Esq.<br>Case Lombardi & Pettit<br>737 Bishop Street Suite 2600<br>Honolulu, HI 96813<br>Fax: (808) 523-1888 |

Any Party may change its address or the person to whom notice shall be given, by giving written notice to the other Parties in the manner set forth above.

7. <u>Entire Agreement; Modification</u>. This Agreement constitutes the entire agreement between and among the Parties and supersedes all prior and contemporaneous agreements, representations, warranties, and understandings of the Parties, whether oral, written, or implied, to the subject matter hereof. No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing by all Parties affected thereby.

U.S. Bankruptcy Court - Hawaii   #08-00337   Dkt # 1815   Filed 09/23/10   Page 7 of 10

8. <u>Limitation on Third-Party Beneficiaries</u>. Nothing contained in this Agreement is intended to confer any rights or remedies under or by reason of this Agreement on any person or entity other than the Parties hereto, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third party to any Party to this Agreement, nor shall any provision give any third party any action over or against any Party to this Agreement.

9. <u>No Representations or Warranties</u>. Except as expressly set forth in this Agreement, none of the Parties hereto makes any representation or warranty, written or oral, express or implied.

10. <u>Headings</u>. The descriptive headings of the several paragraphs of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

11. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The Parties' respective signature pages may be exchanged by electronic transmissions or facsimile.

12. <u>No Admissions</u>. Neither this Agreement nor any of the terms hereof, nor any negotiations or proceedings in connection therewith, shall constitute or be construed as or be deemed to be evidence of admission on the part of any Party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit of lack of merit, of any claim or defense of any Party.

13. <u>Successors and Assigns</u>. This Agreement and the releases given herein shall inure to the benefit of, and be binding upon, the Parties and their respective agents, attorneys, legal representatives, predecessors, successors, and assigns.

14. <u>Choice of Law</u>. This Agreement shall be governed by and construed in accordance with federal bankruptcy law. Where state or substantive law other than federal bankruptcy law controls, this Agreement shall be governed by the substantive law of the State of Hawaii, without regard to its choice of law rules.

15. <u>Jurisdiction and Venue</u>. Any controversies regarding this Agreement shall be resolved in the Bankruptcy Court. Any action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court, which shall retain jurisdiction over the subject matter and Parties for this purpose.

16. <u>No Party Deemed Drafter</u>. The Parties acknowledge and agree that all provisions of this Agreement have been negotiated at arms-length and with full

opportunity to consult with legal counsel and no Party shall be deemed to be the drafter of this Agreement.

17. <u>Attorneys' Fees and Costs</u>. Except as otherwise provided for herein, it is expressly understood and agreed that the Parties shall be liable for and responsible for the payment of their own respective attorneys' fees and costs. The prevailing party in any arbitration or litigation to enforce the terms of this Agreement, however, shall be entitled to recover its reasonable attorneys' fees and costs.

18. <u>Cooperation and Additional Documents</u>. The Parties agree to cooperate fully and execute any and all supplementary documents and to take additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement, including the preparation, execution and filing of any and all such documents as may be reasonably necessary or appropriate. The Parties will join in a motion seeking to have this Agreement approved by the Bankruptcy Court.

19. <u>Warranty of Authority</u>. Each person who executes this Agreement on behalf of any entity which is a Party hereto represents and warrants to each other Party and signatory hereto that he/she has the authority to do so.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the day and year first written above.

Approved as to form:　　　　　　　　　　State of Hawaii

_____
Counsel for the State of Hawaii

By _____
　　Its

The Gas Company LLC

By _____
　　Its

Hawaiian Electric Company, Inc.

By _____
　　Its

　　　　　　　　　　　　　　　　Plaintiffs

Settlement Agreement and Mutual Release
Page 7 of 8

801357.03

U.S. Bankruptcy Court - Hawaii   #08-00337   Dkt # 1815   Filed  09/23/10   Page 9 of 10

Bankruptcy Estate of Aloha Airlines, Inc.

By: _____
    Dane S. Field, as Trustee of Aloha
    Airlines, Inc., and not individually

GMAC Commercial Finance, LLC

By: _____
    Its

Yucaipa Corporate Initiatives Fund I, LP

By: _____
    Its

Yucaipa Corporate Initiatives Fund I, LLC

By: _____
    Its

                                       Defendants