LATHAM & WATKINS LLP
Robert A. Klyman
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Counsel for Yucaipa Corporate Initiatives
Fund I, L.P. and Yucaipa Corporate Initiatives Fund I, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>Aloha Airlines, Inc., a Delaware corporation, et al.,<br><br>Debtors. | Chapter 7<br><br>Case No. 08-00337<br>(Chapter 7 Cases)<br>Jointly Administered |
| This Document relates to: All Cases | Date: December 29, 2010<br>Time: 9:30 a.m..<br>Judge: Hon. Lloyd King |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER APPROVING THE SALE OF THE ESTATE'S REMAINING ASSETS, INCLUDING INTELLECTUAL PROPERTY ASSETS TO YUCAIPA PURSUANT TO 11 U.S.C. SECTION 363 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

The Motion (the "**Motion**")[1] of Dane S. Field, as Interim Chapter 7 Trustee (the "**Trustee**") for Aloha Airlines, Inc. ("**Aloha**"), Aloha Airgroup, Inc. ("**Airgroup**") and Airgroup Acquisition Corp. ("**Acquisition**" and collectively

---

[1] Unless otherwise defined, all capitalized terms herein shall have the meanings ascribed to them in the Agreement.

with Aloha and Airgroup, the "**Debtors**"), under 11 U.S.C. §§ 105(a) and 363, Fed. R. Bankr. P. 6004 and Local Bankruptcy Rule 6004-1, for entry of an order approving the Trustee's proposed sale (the "**Sale**") of the estates' remaining assets, including intellectual property assets to Yucaipa, came for hearing on December 29, 2010. The appearances of counsel were noted on the record. This Court, having reviewed and considered (i) the Motion, (ii) the objections thereto, if any, and (iii) the arguments of counsel made, and the evidence proffered or adduced at the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estate and creditors and other parties in interest; and upon the record of the Sale Hearing and these cases; and after due deliberation thereon; and adequate notice good cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[2]

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion include sections 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., as amended (the "**Bankruptcy Code**"), and Fed. R. Bankr. P. 2002 and 6004, and Local Bankruptcy Rule 6004-1.

C. Approval of the proposed Asset Purchase Agreement by and among Yucaipa Corporate Initiatives Fund T, L.P. and Yucaipa Corporate Initiatives Fund I, LLC (collectively, "**Buyer**") and the Trustee ("**Seller**"), substantially in the form attached as Exhibit "A," (the "**Agreement**") whereby Seller shall sell, assign, transfer, convey, and deliver to Buyer, and Buyer shall

---

[2] Findings of fact shall be construed as findings of law and findings of law shall be construed as findings of fact as appropriate.

purchase, assume and acquire from Seller all of Seller's right, title and interest in the Assets, and consummation of the Sale, are in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

D. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

E. The Trustee has demonstrated a sound business purpose and justification for the Sale, because the Trustee has determined that selling the Debtors' interest in the Assets to Yucaipa on substantially the terms and conditions set forth in the Agreement is in the best interest of the Debtors' estates.

F. The Agreement was negotiated, proposed and entered into by Seller and Buyer without collusion, in good faith, and from arm's-length bargaining position.

G. With respect to the Agreement, the Sale, and this Order, Buyer is acting as a good faith purchaser, as that term is used in the Bankruptcy Code and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code.

H. Section 363(k) of the Bankruptcy Code allows Buyer to credit bid its allowed secured claim for the Assets. Buyer has agreed to purchase the Assets for a credit bid under section 363(k) in the amount of $1,428,571.43 of its claims under the Loan and Security Agreement.

I. The consideration provided by Buyer for the Assets pursuant to the Agreement: (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration with respect to the Debtors and
3
LA\2207647.1

their estates in light of the financial wherewithal of the estates and the other findings set forth herein.

J. The transfer of the Assets to Buyer will be a legal, valid, and effective transfer of the Assets, authorized pursuant to the Bankruptcy Code, and will vest Buyer with all right, title, and interest of the Debtors to the Assets free and clear of all Liens, Claims (as defined in the Bankruptcy Code), interests, counterclaims, and encumbrances, whether known or unknown, inchoate, unliquidated or liquidated, contingent, in the form of setoff or counterclaim, or otherwise (collectively, the "**Interests**").

K. Buyer would not have entered into the Agreement and would not consummate the Sate, thus adversely affecting the Debtors, their estates, and their creditors, if the sale of the Assets to Buyer was not free and clear of all Interests of any kind or nature whatsoever, including, without limitation, successor liability, or if Buyer would, or in the future could, be liable for or subject to any of the Interests.

L. Buyer shall have no liability or obligations for any Interest, or other obligation of or against the Seller or the Debtors, related to the Assets by reason of the transfer of the Assets to Buyer. Buyer shall not be deemed, as a result of any action taken in connection with the purchase of the Assets, to: (1) be a successor (or other such similarly situated party) to any of the Seller or the Debtors; or (2) have, *de facto* or otherwise, merged with or into any of the Debtors. Buyer is not acquiring or assuming any liability, warranty or other obligation of the Seller or the Debtors.

M. Seller may sell the Assets free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § § 363(f)(1)-(5) has been satisfied. Those holders of Interests

who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to 11 U.S.C. §§ 363(f)(2) and 365.

Dec. 29, 2010

_____
United States Bankruptcy Judge